IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DIMONAH BROWN**                                               **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.:** 3:23-cv-346-CWR-LGI

**IMM PAYROLL, LLC D/B/A
RESIDENCE INN MARRIOTT**                              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Dimonah Brown, by and through counsel, Watson & Norris, PLLC, brings this action against IMM Payroll, LLC d/b/a Residence Inn Marriott, to recover damages for violations of her rights pursuant to the Family and Medical Leave Act of 1993, as amended.  As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of her employment with the Defendant.  In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Dimonah Brown, is an adult female resident of Hinds County, Mississippi.  Plaintiff is an eligible employee as currently defined by the FMLA.

2. Defendant, IMM Payroll, LLC d/b/a Residence Inn Marriott, is a Louisiana limited liability corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: Registered Agent Solutions, Inc., 8927 Lorraine Road, Suite 204-A, Gulfport, Mississippi 39503.  Defendant is a covered employer as currently defined by the FMLA.

**JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993, as

amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

7. Plaintiff is a 36-year-old female resident of Hinds County, Mississippi.

8. Plaintiff was hired on December 20, 2016, as a Night Auditor at IMM Payroll, L.L.C. d/b/a Residence Inn Marriott.

9. IMM has over 50 employees within a 75-mile radius of where Plaintiff works and she worked over 1,250 hours during the year prior to August 2022, when she was approved for FMLA intermittent leave.

10. Beginning around January or February 2019, Plaintiff transitioned from part time to working full time as a Night Auditor.

11. Plaintiff had Internist Dr. Justin Turner complete FMLA documentation related to his treatment of Plaintiff's mother (Wanda Brown) and Plaintiff's need to take FMLA leave intermittently as her mother's primary caregiver.

12. Dr. Turner completed the documentation on July 31, 2022, and it was submitted to Employee Benefits Manager Tara Brock.

13. In August 2022, Plaintiff was approved for intermittent FMLA leave to attend the medical needs of her mother.

14. In retaliation against Plaintiff for her use of intermittent FMLA leave, beginning on November 20, 2022, Plaintiff's work hours were cut from 40 hours per week to between 16 and 24 hours per week or less.

15. Even though Plaintiff's weekly hours were reduced to part time hours (i.e., 16-24 per week), she continues to have deductions commensurate with full-time benefits status deducted from her paychecks.

16. Also, in December 2022, without explanation but apparently in retaliation for her use of FMLA leave, Plaintiff was taken off the schedule for nearly three weeks from December 4-23, 2022.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FMLA - INTERFERENCE

17. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 16.

18. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

19. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

20. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant.

21. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

### COUNT II:  VIOLATION OF THE FMLA - RETALIATION

22. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 21.

23. It is unlawful for any employer to discharge or discriminate against any

individual for opposing any practice made unlawful by the FMLA.

24. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

25. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

26. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement to a full time position or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 30th day of May 2023.

Respectfully submitted,

DIMONAH BROWN, PLAINTIFF

By: /s Louis H. Watson, Jr.
    LOUIS H. WATSON, JR. (MB# 9053)
    NICK NORRIS (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com